## THOENS v. ISRAEL.[1]

*(Circuit Court, E. D. Louisiana.   March 5, 1887.)*

PATENTS FOR INVENTIONS—COMBINATIONS—INFRINGEMENT.
  To infringe a patent for a combination, it is necessary to use each member of the combination, or its equivalent, substantially as set forth; and, if the use of less than the whole be an infringement, it is only where the part used, separate and apart from the rest not used, was new and patentable to the inventor.

In Chancery.
*B. R. Forman,* for complainant.
*J. R. Beckwith, A. H. Leonard, Maurice Marks,* and *B. B. Bruenn,* for defendant.

PARDEE, J.   The patent in this case purports to be for a combination, in a housing frame for mills, of certain brackets having hollow cylindric pillars, provided with certain feet, caps, bolts, and rods, with certain bed-pieces, substantially and for the purpose set forth.   In no sense is it a patent for divided or composite housing, or composite or divided housing frames, for mills.   Under the evidence in the case, I am strongly inclined to the opinion that the patent should be held void for want of novelty; but it is not necessary to go into that matter.   The evidence does not make a case of infringement.   As noticed, the patent is for a combination of certain brackets with certain bed-pieces.   To infringe a patent for a combination, it is necessary to use each member of the combination, or its equivalent, substantially as set forth; and, if the use of less than the whole can be an infringement, it is only where the part used, separate and apart from the rest not used, was new and patentable to the inventor.   See *Cahoon* v. *Ring,* 1 Fish. Pat. Cas. 397; *Adair* v. *Thayer,* 4 Fed. Rep. 441.

The complainant's evidence in this case shows use by the defendant of brackets, but not of the specific kind, nor in combination, as described in the patent.   The complainant and his witnesses seem to have been laboring under the impression that his patent was for divided housings, or housing frames, and their evidence goes no further than to show that the housings in defendant's mill were in separate pieces, and no one of them is able to specify any particular part of complainant's combination

---

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

as being used. Mr. Archibald Mitchell was apparently the most intelligent expert, and the best informed as to complainant's patent, of those called. He says that the housings for defendant's mill were constructed on the same general principle—the same general design—as complainant's patent, *i. e.*, in separate and distinct pieces. On cross-examination he was unable to describe the parts and combination used in the defendant's mill.

The certified copy of the files of the patent-office in the matter of complainant's patent shows that the original application of complainant contained a claim for "a housing frame for mills, made substantially as herein shown and described, consisting of the bed-piece and housing brackets, made in separate parts, to operate as set forth," and that this claim was rejected as anticipated by certain English patents.

The only infringement proved in this case is of said rejected claim.

A decree will be entered dismissing complainant's bill, with costs.